IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK, SOUTHERN DIVISION

GREGORY M. EGLESTON, individually
and on behalf of all those similarly
situated,

           Plaintiffs

    v.

THE VALSPAR CORPORATION,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 15 CV 04130

Hon. Denise Cote

## DECLARATION OF STUART GRAFF

I, Stuart Graff, respectfully testify as follows, under penalty of perjury:

1.      I am the Division Vice President of the Guardsman division of The Valspar Corporation ("Valspar"). Valspar is a publicly-held corporation whose stock is traded on the New York Stock Exchange. Valspar is organized under the laws of Delaware and maintains its principal place of business in Minneapolis, Minnesota. I have worked for Valspar, and served as the Division Vice President for the Guardsman division, since 2009. The following facts are based on my personal knowledge, and my review of the business records of Valspar maintained in the ordinary course of business. I am prepared to testify competently to these and other facts if called as a witness in this matter.

2.      For the last forty years, Guardsman has developed and sold consumer furniture protective plans to retailers. There are approximately 125 versions of the Plans, which provide protection for accidental stains and damage to home furnishings like couches, tables and rugs. The Plans vary in material ways, including the scope of coverage, length of time they are in force, and service requirements, among other factors.

3.      Guardsman does not sell its plans directly to consumers.  Instead, Guardsman sells its plans to thousands of furniture retailers.  Furniture retailers set their own prices for selling the plans to consumers. Guardsman is not present in the retailer showrooms, in the retailer discussions with the consumers, or at the cash register when retailers re-sell the Plans to their customers.

4.      Plaintiff's claims, as alleged in the Complaint and in the Amended Complaint, arise out of his purchase of a Guardsman Protection Plan.  He alleges that he purchased a 5-year Gold In Home Protection Plan from a Ligne Roset New York retail store, for a purchase price of $349.

5.      Each Plan recites that it is a service contract between the consumer and The Valspar Corporation, through its Guardsman business unit. Sales records maintained by Valspar reflect that over 100,000 New York residents have purchased Guardsman Protection Plans since 2013, over 290,000 New York residents have purchased Guardsman Protection Plans since 2010 and over 1.3 million New York residents have purchased Guardsman Protection Plans since 2005.  Valspar's records reflect that the typical retail price per plan nationally ranges from $79 to more than $699, depending on the particular plan and retailer; most plans sell between $99 and $299.

6.      Plaintiff asks for restitution, among his other claims for relief.  Multiplying the refund sought times the number of members of the alleged class yields an amount in excess of $5,000,000.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 8, 2015 in Grand Rapids, Michigan.

Stuart Graff